IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA

| | | |
|---|---|---|
| Rufus Julius Cornelius Anderson, | ) | C/A No. 6:15-2556-MGL-JDA |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| vs. | ) | **REPORT AND RECOMMENDATION** |
| | ) | |
| Greenville Health System; | ) | |
| South Carolina Dept. of Employment and | ) | |
| Workforce; and | ) | |
| South Carolina Dept. of Probation and | ) | |
| Parole, | ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

Rufus Julius Cornelius Anderson ("Plaintiff"), proceeding pro se, brings this civil

action alleging unlawful employment discrimination.  Plaintiff is a non-prisoner, and he files

this action *in forma pauperis* under 28 U.S.C. § 1915.  The Complaint is subject to

summary dismissal.

## BACKGROUND

From the Complaint and answers to the Court's special interrogatories, the Court

gleans the following alleged relevant factual allegations.[1]  Plaintiff's former employer was

the Greenville Health System ("GHS"). [Doc. 12 at 1.] On June 1, 2009, Plaintiff called the

GHS compliance hotline to report that he was working in a hostile environment, specifically

management was harassing employees because of their disabilities and the "FMLA." [Doc.

1; Doc. 12-1.] Plaintiff also reported that his supervisor was harassing him because he had

---

[1]Plaintiff filed the Complaint on June 26, 2015. [Doc. 1.] This Court entered an Order on
July 10, 2015, requiring Plaintiff to bring this action into proper form, including providing
answers to the Court's special interrogatories. [Doc. 9.]  Plaintiff submitted answers to the
Court's special interrogatories, and he filed copies of documents which the Clerk of Court
attached to the Complaint. [Doc. 12; Doc. 1-1 at 1–8.]

requested FMLA leave time due to his wife's pregnancy, had been assigned to work in two departments, and wrote him up for old infractions. [Doc. 12-1.] In May of 2009, Plaintiff also complained to the department director Adrian Corbett that Plaintiff's department had been without a director for almost one year, and Corbett told Plaintiff if he did not stop with the conspiracies he would terminate his job. [*Id.*] On July 1, 2009, GHS terminated Plaintiff's employment. [Doc. 1.]

On July 15, 2009, Plaintiff entered Defendants' statutory grievance phase. [*Id.*] On July 30, 2009, Plaintiff wrote a letter to Defendant that he believed its activities were unlawful. [*Id.*] On or about September 22, 2009, "Plaintiff was retaliated against being informed he could no longer pursue his rights through the grievance channel." [*Id.*] On or about October 14, 2009, GHS denied Plaintiff's request to be rehired. [*Id.*]

Plaintiff submitted the following charges or documents to the EEOC: a complaint on November 30, 2009; a request for reconsideration with the EEO on or about November 30, 2010; a charge on March 28, 2011; a charge on July 10, 2013; and, a complaint on June 10, 2014, asserting the same matter and that it was "casually connected" to the March 28, 2011, charge. [Doc. 1; Doc. 12-1.] He alleges that the EEOC failed to respond to certain charges and also that the EEOC has dismissed his claims. [Doc. 12-1.] He seems to allege he has 300 days to file from the last action, and he has requested fact finding hearings and reconsideration on November 6, 2014, February 23, 2015, March 16, 2015, April 10, 2015, and June 16, 2015. [*Id.*]

Plaintiff alleges other acts of unlawful retaliation: on or about August 18, 2009, he was evicted from his home; on or about December 7, 2010, he was assaulted during a car accident; on or about December 24, 2010, Defendants instigated a criminal larceny charge

against him for failure to return rented objects resulting in 102 days of jail time; on July 22, 2011, Defendants instigated a violation of Plaintiff's probation resulting in 120 days of jail time. [Doc. 1.]

Plaintiff may be suing the South Carolina Department of Employment and Workforce because it refused to provide him certain unemployment benefits. [Doc. 12 at 2.] He alleges he filed for "UI benefits" on or about July 19, 2009, and the UI determination was mailed on September 1, 2009, after he had been evicted from his residence. [*Id.*] On or about November 2, 2009, Plaintiff attempted to appeal the UI decision, and on or about February 12, 2010, he received the decision affirming the UI adjudicator's decision "and loss of 8 weeks." [*Id.*]

Plaintiff may be suing the South Carolina Department of Probation and Parole Board because it issued a warrant on June 22, 2011, against him for violation of probation. [Doc. 12-1.]  He was held for 120 days for a violation of probation. [Doc. 1.]

Based on these facts, Plaintiff contends that Defendants violated the Americans with Disabilities Act ("ADA"). [Doc. 12-1.] Liberally construed, Plaintiff seeks the following relief: damages for employment discrimination; damages for time spent in jail; damages for mental anguish; and an order to stop the retaliation by Defendants. [Doc. 1 at 5.]

## STANDARD OF REVIEW

Pursuant to the provisions of 28 U.S.C. §636(b)(1)(B), and Local Civil Rule 73.02(B)(2)(e) DSC, the undersigned is authorized to review the Complaint for relief and submit findings and recommendations to the District Court.  Plaintiff filed this action pursuant to 28 U.S.C. § 1915, the *in forma pauperis* statute.  This statute authorizes the District Court to dismiss a case if it is satisfied that the action "fails to state a claim on which

3

relief may be granted," is "frivolous or malicious," or "seeks monetary relief against a defendant who is immune from such relief." 28 U.S.C. § 1915(e)(2)(B). As a pro se litigant, Plaintiff's pleadings are accorded liberal construction and held to a less stringent standard than formal pleadings drafted by attorneys. *See Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (*per curiam*). However, even under this less stringent standard, the pro se pleading remains subject to summary dismissal. The mandated liberal construction afforded to pro se pleadings means that if the court can reasonably read the pleadings to state a valid claim on which Plaintiff could prevail, it should do so, but a district court may not rewrite a petition to include claims that were never presented, *Barnett v. Hargett*, 174 F.3d 1128, 1133 (10th Cir. 1999), or construct Plaintiff's legal arguments for him, *Small v. Endicott*, 998 F.2d 411, 417-18 (7th Cir. 1993), or "conjure up questions never squarely presented" to the court, *Beaudett v. City of Hampton*, 775 F.2d 1274, 1278 (4th Cir. 1985). The requirement of liberal construction does not mean that the court can ignore a clear failure in the pleading to allege facts which set forth a claim cognizable in a federal district court. *See Weller v. Dep't of Soc. Servs.*, 901 F.2d 387 (4th Cir. 1990).

## DISCUSSION

A plaintiff may bring a retaliation claim pursuant to the ADA by proving: he engaged in protected conduct; he suffered an adverse action; and a causal link exists between the protected conduct and the adverse action. *Reynold v. Am. Nat'l Red Cross*, 701 F.3d 143, 154 (4th Cir. 2012). A plaintiff is not required to prove the conduct he opposed was a violation of the ADA, but he must show that he had a good faith belief the conduct violated the ADA. *Id.* Plaintiff attempts to allege a claim for retaliation in violation of the ADA because, liberally construed, he alleges he reported to GHS that management was

4

harassing several employees due to their disabilities. However, because the facts alleged demonstrate that Plaintiff's claim is time barred, Plaintiff's claim is frivolous.

Under Rule 8(c) of the Federal Rules of Civil Procedure, a statute of limitations defense is an affirmative defense that is subject to waiver if not timely raised in a responsive pleading. *See Eriline Co. S.A. v. Johnson*, 440 F.3d 648, 655–56 (4th Cir. 2006); *Butler v. Greenwood Cnty. Sheriffs Office*, C/A No. 8:13-941-TMC-JDA, 2013 WL 1828046, at *3 (D.S.C. April 11, 2013), Report and Recommendation adopted by 2013 WL 1828446 (D.S.C. April 30, 2013). Even so, the holding in *Todd v. Baskerville*, 712 F.2d 70, 74 (4th Cir. 1983), authorizes a district court to anticipate clearly apparent affirmative defenses available to the defendants in determining under § 1915 whether process should be issued against the defendants. *See Eriline Co. S.A.*, 440 F.3d at 655–56; *Duncan v. West Virginia*, 597 F. Supp. 1195, 1196 (S.D.W.Va. 1984) ("Although some of the matters discussed constitute defenses, where the complaint on its face raises obvious and complete affirmative defenses, the Court may consider these defenses in ruling under 28 U.S.C. § 1915(d) finding a complaint frivolous.")(citation omitted).

In South Carolina, an ADA claim has a one-year statute of limitations. *See Kinlaw v. Lowes Homes Ctr., Inc.*, C/A No. 9:14-444-DCN-JDA, 2015 WL 3485438, at *4 (D.S.C. June 2, 2015). Because an ADA claim under Title I must be exhausted through the administrative process, the statute of limitations is tolled during the time in which an EEOC claim is pending. *Id*. In the instant case, Plaintiff's claim accrued on July 1, 2009, the date GHS terminated Plaintiff's employment. Plaintiff alleges that he did file an EEOC claim raising his ADA claim; in fact, he alleges he filed several EEOC claims. He alleges he filed the original EEOC claim on November 30, 2009. Although Plaintiff's path through the

5

EEOC process is somewhat unclear because he alleges that certain claims sought reconsideration of his claims, it is clear that Plaintiff alleges the EEOC has decided or dismissed all of his claims, and he attached one Right-to-Sue letter dated August 30, 2010. [Doc. 1-1 at 4.] He further alleges that he submitted his first EEOC claim on November 30, 2009. Therefore, Plaintiff's alleged facts show that from July 2, 2009, until November 29, 2009, was untolled time (150 days). However, the time between November 30, 2009, and August 30, 2010, while his first EEOC claim was pending, was tolled. The statute of limitations began to run again on August 31, 2010. Plaintiff filed this action on June 26, 2015. Accordingly, the one-year limitations period had expired prior to Plaintiff filing this lawsuit. Plaintiff's filings after August 30, 2010 (the Right-to-Sue Letter), with the EEOC for reconsideration or new claims based on the same conduct that were either dismissed or ignored, did not toll the statute of limitations. *Cf. Pace v. DiGuglielmo*, 125 S. Ct. 1807 (2005) (finding that a state action filed out of time was not "properly filed," so statutory tolling was inapplicable).

Moreover, Plaintiff had 90 days from the date of the Right-to-Sue letter to file a civil complaint in this Court. It seems clear from Plaintiff's allegations that he also missed that filing deadline. *Cf. Coleman v. Talbot Cnty. Det. Ctr.*, 242 F. App'x 72, 73 (4th Cir. 2007).

Additionally, Plaintiff fails to state a cognizable claim for retaliation pursuant to the ADA against the South Carolina Department of Employment and Workforce and the South Carolina Department of Probation and Parole because he does not allege that either of those entities was his employer. *Cf. Baird v. Rose*, 192 F.3d 462, 472 (4th Cir. 1999) (finding that Title VII does not provide a remedy against an entity who does not come within the definition of employer); *Singleton v. Greenville Hous. Auth.*, C/A No. 6:09-2104-JMC-

6

KFM, 2010 WL 6065085, at *4–5 (D.S.C. Sept. 21, 2010) (explaining only an "employer" of an "employee" can be liable for discrimination under Title VII), *adopted by*, 2011 WL 883669, at *2 (D.S.C. March 11, 2011). Thus, Plaintiff fails to state a plausible claim of employment discrimination on which relief may be granted against those two defendants.

To the extent Plaintiff seems to bring suit against the South Carolina Department of Employment and Workforce seeking damages for wrongful denial of his claim for unemployment insurance benefits, he cannot do so in this Court because of immunity. The South Carolina Department of Employment and Workforce is an agency of South Carolina, and, thus is an arm of the state that has immunity from a suit for damages in this Court. "[W]e have understood the Eleventh Amendment to confirm the structural understanding that States entered the Union with their sovereign immunity intact....'" *Virginia Office for Prot. & Advocacy v. Stewart*, 131 S. Ct. 1632, 1637–38 (2011). "A State may waive its sovereign immunity at its pleasure, and in some circumstances Congress may abrogate it by appropriate legislation. But absent waiver or valid abrogation, federal courts may not entertain a private person's suit against a State." *Id.* (citations omitted). The Eleventh Amendment provides, "[t]he Judicial power of the United States shall not be construed to extend to any suit in law or equity, commenced or prosecuted against one of the United States by Citizens of another State, or by Citizens or Subjects of any Foreign State." *Id.*, at 1637 n.1. The Supreme Court has construed the Eleventh Amendment "'to establish that an unconsenting State is immune from suits brought in federal courts by her own citizens as well as by citizens of another State.'" *Lee-Thomas v. Prince George's Cnty. Pub. Sch.*, 666 F.3 244, 248 (4th Cir. 2012) (citation omitted). South Carolina has not expressly consented to suit in a federal district court. *See* S.C. Code Ann. § 15-78-20(e) (1976)

7

(statute expressly provides that the State of South Carolina does not waive Eleventh Amendment immunity, consents to suit only in a court of the State of South Carolina, and does not consent to suit in a federal court or in a court of another state).  Accordingly, the defendant South Carolina Department of Employment and Workforce should be dismissed based on Eleventh Amendment immunity.[2]

Similarly, Plaintiff cannot sue the South Carolina Department of Probation and Parole for damages in this Court because it also is a state agency that is protected by Eleventh Amendment immunity.  And, to the extent Plaintiff sues that agency seeking to challenge the charge of violation of parole and imprisonment that he served as a result, *Heck v. Humphrey*, 512 U.S. 477 (1994), bars this claim because Plaintiff does not allege the favorable termination requirement that his parole violation conviction and sentence has been invalidated.  *See Bishop v. Cnty. of Macon*, 484 F. App'x 753, 754–56 (4th Cir. 2012).

## RECOMMENDATION

Accordingly, it is recommended that the District Court dismiss this action without prejudice and without issuance and service of process.  *See Neitzke v. Williams*, 490 U.S. 319, 324-25 (1989); *Haines v. Kerner*, 404 U.S. 519 (1972).  **Plaintiff's attention is directed to the important notice on the next page.**


August 12, 2015                                      s/Jacquelyn D. Austin
Greenville, South Carolina                   United States Magistrate Judge

---

[2] If this defendant had been an "employer" of Plaintiff, and he had sued it under Title VII, Eleventh Amendment immunity would not prohibit such an action.  *See Couram v. South Carolina Dep't of Motor Vehicles*, C/A No. 3:10-001-MJP-PJG, 2010 WL 6065084, at *2 n.3 (D.S.C. Nov. 12, 2010), *adopted by*, 2011 WL 891298 (D.S.C. March 10, 2011).

8

**Notice of Right to File Objections to Report and Recommendation**

The parties are advised that they may file specific written objections to this Report and Recommendation with the District Judge.  Objections must specifically identify the portions of the Report and Recommendation to which objections are made and the basis for such objections.  "[I]n the absence of a timely filed objection, a district court need not conduct a de novo review, but instead must 'only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation.'" *Diamond v. Colonial Life & Acc. Ins. Co.*, 416 F.3d 310 (4th Cir. 2005) (quoting Fed. R. Civ. P. 72 advisory committee's note).

Specific written objections must be filed within fourteen (14) days of the date of service of this Report and Recommendation.  28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72(b); *see* Fed. R. Civ. P. 6(a), (d).  Filing by mail pursuant to Federal Rule of Civil Procedure 5 may be accomplished by mailing objections to:

Robin L. Blume, Clerk
United States District Court
300 East Washington Street, Room 239
Greenville, South Carolina 29601

**Failure to timely file specific written objections to this Report and Recommendation will result in waiver of the right to appeal from a judgment of the District Court based upon such Recommendation.**  28 U.S.C. § 636(b)(1); *Thomas v. Arn*, 474 U.S. 140 (1985); *Wright v. Collins*, 766 F.2d 841 (4th Cir. 1985); *United States v. Schronce*, 727 F.2d 91 (4th Cir. 1984).